UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GLEN D. DUNLAP,

    Petitioner,

v.                                                      Case No. 8:04-cv-1865-T-23EAJ

SECRETARY, Department of Corrections,

    Respondent.
                                                        /

## **O R D E R**

Dunlap petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for causing both manslaughter and serious bodily injury while driving under the influence. Dunlap is serving a sentence of 265 months. The response (Doc. 15) to the petition is supported by numerous exhibits ("Respondent's Exhibit"). The respondent admits that Dunlap fully exhausted the grounds asserted in the petition (Response at 8 Doc. 15). The respondent concedes challenge the timeliness of the petition.

## **FACTS**[1]

Shortly before 11:00 p.m. on June 20, 1998, Dunlap and a companion left a local bar to drive home. Dunlap turned onto U.S. 41, headed north in the left southbound lane on the divided highway, and caused a "chain reaction" accident that involved three other vehicles. The driver of the vehicle Dunlap initially struck was killed, Dunlap's

---

[1] This summary of the facts derives from Dunlap's and the state's briefs on direct appeal (Respondent's Exhibit 2).

companion was seriously injured, and occupants of the other vehicles were injured. Dunlap was extricated from his vehicle and transported to a hospital where tests showed he had a .218 blood-alcohol level.

## **STANDARD OF REVIEW**

Because this action commenced after April 24, 1996, Section 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding. Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of state court adjudications, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved

- 2 -

>an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

Dunlap's convictions and sentences were affirmed on direct appeal in a per curiam decision without a written opinion (Respondent's Exhibit 3), and the denial of his subsequent Rule 3.850 motion for post-conviction relief was likewise affirmed on appeal in another per curiam decision without a written opinion (Respondent's Exhibit 9). The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Dunlap has the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the

- 3 -

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the trial court's rejection of Dunlap's post-conviction claims (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibit 8).

Dunlap must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Ground One:

Emergency personnel extricated and transported Dunlap to a hospital. The police officer who at the hospital ordered Dunlap's blood drawn was not involved at the accident scene. Dunlap alleges that the police officer at the hospital lacked probable cause to order a blood-alcohol test because the officer had no personal knowledge that Dunlap was the driver of the car that caused the accident. Dunlap raised this claim on direct appeal (Respondent's Exhibit 2). The state relied on the "fellow officer rule" to refute Dunlap's claim. Dunlap's direct appeal was rejected in a per curiam decision without a written opinion (Respondent's Exhibit 3).

Johnson v. State, 660 So.2d 648, 657 (Fla.1995), cert. denied 517 U.S. 1159 (1996), describes the "fellow officer rule" as follows:

> The issue here is whether an officer who himself lacks any personal knowledge to establish probable cause, who has not been directed to effect an arrest, and who does not know a valid warrant has been issued nevertheless can lawfully arrest a suspect. In broad terms, the collective knowledge of police investigating a crime is imputed to each member under a rule of law often called the "fellow officer rule" or "collective knowledge doctrine."

The state court's rejection of Dunlap's claim is consistent with federal law. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560 (1971) (an arresting officer may rely on information supplied by a fellow officer to effect an arrest.); United States v. Ventresca, 380 U.S. 102, 111 (1965) ("Observations of fellow officers of the Government engaged in a common investigation are plainly a reliable basis for a warrant applied for by one of their number."). Consequently, Dunlap has not met his burden of showing that the state court's decision is "contrary to, or an unreasonable application of," controlling Supreme Court precedent.

Ground Two:

Dunlap alleges that his sentence violates due process and equal protection because the state court assessed "victim injury points" in calculating his sentence. A sentence within legislatively mandated guidelines is presumptively valid. Rummel v. Estelle, 445 U.S. 263, 272 (1980). As long as a sentence is within the statutory limits, state courts retain wide discretion in determining "the type and extent of punishment for convicted defendants." Williams v. New York, 337 U.S. 241, 245 (1949). Consequently, federal habeas corpus review of asserted an violation of state sentencing law is limited.

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). A state's interpretation of its own

- 5 -

> laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved. Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981). State courts are the ultimate expositors of their own state's laws, and federal courts entertaining petitions for writs of habeas corpus are bound by the construction placed on a state's criminal statutes by the courts of the state except in extreme cases. Mendiola v. Estelle, 635 F.2d 487, 489 (5th Cir. 1981).

McCullough v. Singletary, 967 F.2d 530, 535-36 (11th Cir. 1992), cert. denied, 507 U.S. 975 (1993). Accord Rodwell v. Singletary, 114 F.Supp. 1308, 1311 (M.D. Fla. 2000) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."). The Eleventh Circuit has consistently held that "federal courts can not review a state's alleged failure to adhere to its own sentencing procedures." Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted). Additionally, "[t]his limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" Branan v. Booth, 861 F.2d at 1508, quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976). The calculation of Dunlap's sentence in accord with the state sentencing guidelines, a matter of state law, remains unreviewable by federal habeas corpus.

Ground Three:

Dunlap alleges that trial counsel's ineffective assistance caused Dunlap to reject a fourteen-year plea offer because counsel erroneously advised Dunlap that the maximum sentence possible was fifteen years. Although the statutory maximum sentence was fifteen years, the possible guidelines sentence was substantially longer. Dunlap was sentenced to 265 months (slightly more than twenty-two years). The state

court conducted an evidentiary hearing on this claim in Dunlap's motion for post-conviction relief, which claim the court rejected as follows:

> In ground one of his Motion, Defendant alleged ineffective assistance of counsel for misadvising Defendant as to the maximum sentence that he could receive if he proceeded to trial. Defendant claimed that if counsel had been aware of the maximum sentence that Defendant could have received for the offense charged, he would have been able to negotiate a more favorable plea.
>
> Both Defendant and counsel, Dillon Vizcarra, testified on their own behalf. [ . . . ] Since the hearing was reported and transcribed, the Court will not attempt to summarize or restate the testimony except to note particular items of consequence.
>
> Mr. Vizcarra testified he [was] aware that if the guidelines exceeded the statutory maximum, the maximum sentence that would be imposed would be under the guidelines. [ . . . ] Mr. Vizcarra testified that it was his practice to tell Defendant that the maximum sentence he would be facing was the top of the guidelines. [ . . . ] A review of the sentencing transcript further supports counsel's testimony that both the Defendant and himself were well aware that Defendant could be sentenced under the guidelines to a term of imprisonment in excess of the fifteen (15) years. [ . . . ]
>
> Contrary to counsel's testimony, Defendant testified that he believed the maximum sentence he would receive was fifteen (15) years. [ . . . ] Defendant further testified that Mr. Vizcarra never informed him prior to trial that if found guilty he would receive a sentence in excess of fifteen (15) years. [ . . . ]
>
> Based upon the testimony of Mr. Vizcarra and a review of the September 15, 2000, Sentencing Transcript, the Court finds that Defendant was aware that the maximum sentence he could have received in the instant case was greater than the statutory maximum of fifteen (15) years. As such, no relief is warranted with respect to this ground of Defendant's Motion.

Order Denying Motion for Post-Conviction Relief at 1-2 (Respondent's Exhibit 8). This court must accord a presumption of correctness to the state court's finding of fact that Dunlap was aware that he was subject to a sentence above the statutory maximum. Dunlap has neither presented "clear and convincing evidence" to overcome the

- 7 -

presumption of correctness, 28 U.S.C. § 2254(e)(1), nor shown that the state court's decision is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Based on the state court's finding of fact, Dunlap's claim is meritless.

Accordingly, Dunlap's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Dunlap and close this action.

ORDERED in Tampa, Florida, on September 28, 2007.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE